# U. S. FEDERAL COURTS
Districts, Judges, Officers, Proceedings and Opinions

## U. S. COURT OF APPEALS
No. 503

KINGREY v. N. Y. C. & St. L. RY. CO.

U. S. Court of Appeals, 6th Circuit
No. 2949.. Decided March 14, 1924
Rehearing denied April 11, 1924

**991. RAILROADS**—Knowledge of position of employe of bridge contractor held for jury.

**225. CHARGE TO JURY**—Failure to give instructions not requested and to except to refusal to give instructions, not considered.

**841. NEW TRIAL**—Affidavit of absent witness that he was prevented from, attending trial by defendant's claim agent entitles plaintiff to have the matter inquired into.

KNAPPEN, C. J.

Epitomized Opinion

Action against a railroad for injuries to a bridge contractor's employe sustained when an awning projecting from a locomotive cab struck a scaffold on which he was working. Judgment for defendant and plaintiff appeals. In affirming the judgment the Court of Appeals held:

1. That the refusal to instruct peremptorily that the railroad should have known of the employe's position on the scaffold was not error, as it was a question under the evidence for the jury.

2. The Circuit Court of Appeals will not consider the Court's failure to give an instruction not requested nor the refusal to give an instruction in the absence of an exception, except to prevent a miscarriage of justice.

3. The affidavit of another employe who was working with the plaintiff when the accident occurred that he intended to testify for the plaintiff but was drugged by the defendant's claim agent, which made him unconscious for eight days, entitled the plaintiff on a motion for a new trial to have the charges against the claim agent inquired into and passed on and it was error to deny the motion without inquiring into its merits.

Attorneys—Louis H. Winch, for Kingrey; D. R. Wilkin, for R. R.; all of Cleveland, O.

---

No. 504

BALT. & O. R. R. CO. v. HOOVEN

U. S. Court of Appeals, 6th Circut
No. 3926. Decided April 17, 1924

**751. MASTER AND SERVANT**—Duty imposed by Safety Appliance Act is absolute and unqualified both to install safety appliances and to maintain them.

**250. COMMERCE**—Safety Appliance Act held inapplicable to locomotive temporarily withdrawn from service and undergoing minor repairs in roundhouse.

SIMONS, D. J.

Epitomized Opinion

Action by employe for injuries sustained in falling from an engine upon which he was working in roundhouse, by reason of oil on the running board and hand-rails, which caused him to slip. The plaintiff based his right to recover for his injuries solely upon the absolute liability claimed to be imposed by the Safety Appliance Act. Judgment for plaintiff and defendant brings error. In reversing the judgment the Court of Appeals held:

1. That the duty imposed upon interstate railroad by the Safety Appliance Act is an absolute and unqualified duty both to install the safety appliances and to maintain them in a secure condition.

2. The Safety Appliance Act is inapplicable to a locomotive temporarily withdrawn from service and undergoing minor repairs in a roundhouse preparatory to early return to service.

3. The District Judge erred in denying the defendant's motion for a directed verdict.

Attorneys—W. T. Kinder, for R. R.; R. B. Newcomb, for Hooven; all of Cleveland, O.

## The Cleveland Law School

Law Department of Baldwin-Wallace College

**Opens its 28th Year on Monday, Sept. 15**

One of America's foremost Law Schools. Afternoon and Evening Sessions. Degree of LL. B. and preparation for the Ohio State Bar Examination. Over fifteen hundred graduates, now judges and practicing attorneys, speak for the success of the School.

**WILLIS VICKERY, LL. D.,**

Presiding Judge of Court of Appeals.
1336 Engineers Bldg.

Main 2533          Catalog upon request